## UNITED STATES of America ex rel. Jerome CHANCE, Petitioner,

### v.

## Lieutenant General John J. TOLSON, Commanding General, United States Army, Fort Bragg, North Carolina, Respondent.

### Civ. A. No. 882.

United States District Court,
E. D. North Carolina,
Fayetteville Division.

Oct. 2, 1969.

Chambers, Stein Ferguson & Lanning, Charlotte, N. C., for petitioner.

Warren H. Coolidge, U. S. Atty., Raleigh, N. C., for Lt. Gen. John J. Tolson.

BUTLER, Chief Judge.

### MEMORANDUM

█ Petitioner filed a petition for a writ of habeas corpus on July 14, 1969, challenging the legality of his induction into the United States Army on June 13, 1969. The respondent concedes that habeas corpus is available to challenge the legality of an order to report for induction. Petitioner's claim here is that Local Board No. 60 of Martin County, North Carolina acted illegally in failing to reopen his classification and reclassifying him anew after he had presented evidence which, if true, would justify classifications of II–A (occupational deferment) and III–A (extreme hardship deferment).

This case was heard before the undersigned in Chambers in Clinton, North Carolina on August 13, 1969. It was stipulated between counsel that petitioner's Selective Service file would constitute the entire record in the case. The Court's decision was pronounced orally at the hearing. This Memorandum is substantially the same as the decision rendered at that time.

The Court finds that on and prior to October 22, 1968 [1] when the registrant was re-classified I–A that there was no evidence before the Local Board relating to the registrant's claim of entitlement to a reopening of his classification or to justify a reclassification of II–A or III–A; that the registrant first submitted information to the Local Board on January 28, 1969 that he was a full-time teacher in the Tarboro, North Carolina City School System and requested an occupational deferment.[2] Thereafter, letters were addressed to the Local Board by the superintendent and principal of the school in which the registrant was employed and in which he began teaching in September 1968 stating that he was a full-time sixth-grade teacher and that because of the shortage of teachers, it was impossible to replace him during the school term with a qualified teacher.[3]

Subsequently, the registrant informed the Local Board to the effect that his father's property was heavily mortgaged and that he might possibly lose his property; that he had a dependent child two years of age; that his brother was sickly; that his mother was not eligible for working; and that the family help came from the registrant.

█ The Court further finds that the registrant's delay in submitting his claims of eligibility for reclassification for II–A and III–A status did not result in any prejudice to the Selective Service System and that the record fails to indicate that the registrant's delay was a reason for its decision not to reopen the registrant's I–A classification. Petrie v. United States, 407 F.2d 267 (9th Cir., 1969) (en banc); McKart v. United States, 395 U.S. 185, 89 S.Ct. 1657, 23 L.Ed.2d 194 (Decided May 26, 1969). The Court is of the opinion that the information presented to the Local Board with respect to the claims of entitlement to a II–A [4] and III–A [5] classification was not before the Board when the registrant was classified I–A and that such information, if true, would justify a change in the registrant's classification and that the Local Board erred in re-

1. Registrant had been classified II–S prior to his I–A classification. He graduated from Elizabeth City State College in June 1968 and began his employment as a full-time elementary teacher with the Tarboro City School System at the end of August 1968.

2. The information submitted was contained in Section IV of Current Information Questionnaire (S.S.S. Form 120), which had been mailed to registrant, and an accompanying letter inquiring whether he could be granted an occupational deferment.

3. The letter from the superintendent in support of Chance's request for a deferment was also a request by the employer for a deferment. S.S.S. Reg. § 1621.12.

4. 50 U.S.C.App. § 456(h) (2); S.S.S. Reg. §§ 1622.20–1622.23; and see 50 U.S.C. App. § 454(g), LBM 95 and Circular Letter III–2–i, N.C.State Headquarters, S.S.S.

5. 50 U.S.C. App. § 456(h) (2); S.S.S. Reg. § 1622.30.

fusing to reopen registrant's I–A classification and consider his classification anew based upon the facts presented. S. S.S.Reg. §§ 1625.2, 1625.4, 1625.11; e. g., Petrie v. United States, 407 F.2d 267 (9th Cir., 1969) (en banc); Robertson v. United States, 404 F.2d 1141 (5th Cir., 1968); United States v. Rundle, 413 F.2d 329 (8th Cir., July 8, 1969); United States v. Majher, 250 F.Supp. 106 (S.D.W.Va., 1966).

An order issued accordingly on the date of the hearing.

### ORDER

This case coming on to be heard in Chambers in Clinton, North Carolina, on August 13, 1969 before the undersigned and the Court being of the opinion that the relief prayed for should be granted

It is ordered that the order for induction into the Armed Forces of the United States issued to the petitioner Jerome Chance be and the same is hereby vacated.

It is further ordered that the respondent be and he is hereby directed to release the petitioner, Jerome Chance, from all restraint and custody by virtue of said order of induction.